UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTIAN DESNOYERS,

      Plaintiff,
v.

AAA PROFESSIONAL SECURITY SERVICES,
INC., JACKIE L. DULIN,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, CHRISTIAN DESNOYERS, brings this action against Defendants, AAA PROFESSIONAL SECURITY SERVICES, INC. and JACKIE L. DULIN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff CHRISTIAN DESNOYERS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, AAA PROFESSIONAL SECURITY SERVICES, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of providing security services, at all times material hereto was the "employer" of Plaintiff CHRISTIAN DESNOYERS as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, JACKIE L. DULIN, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, AAA PROFESSIONAL SECURITY

1

SERVICES, INC.; said Defendant acted and acts directly in the interests of Defendant, AAA PROFESSIONAL SECURITY SERVICES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates AAA PROFESSIONAL SECURITY SERVICES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JACKIE L. DULIN was and is an "employer" of the Plaintiff CHRISTIAN DESNOYERS within the meaning of 29 U.S.C. §203(d).

5. In justifiable reliance upon Defendants' representations and promises, Plaintiff CHRISTIAN DESNOYERS accepted employment and began working for Defendants as a security guard.

6. During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper minimum wages for all hours worked each week.

7. Defendants failed to pay Plaintiff his last two paychecks.

8. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

9. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791