## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

AAA PROFESSIONAL SECURITY SERVICES, INC., including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, JACKIE L. DULIN, including her heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and CHRISTIAN DESNOYERS, including his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of *Desnoyers v. AAA Professional Security Services, Inc. et al*, Case No. 15-cv-62568-Zloch, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").



2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle this matter for a total of $5,521.00, which shall be made payable to "Koz Law, P.A." and delivered to Koz Law, P.A. within 7 days of Defendants' execution of this agreement. Out of the settlement proceeds, Plaintiff CHRISTIAN DESNOYERS is receiving $1,421.00, and Plaintiff's counsel is receiving $4,100.00 as fees and costs. Plaintiff's counsel will hold the funds in trust and not disperse the funds to Plaintiff until the Court approves the settlement and dismisses the case with prejudice.

3. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouses, counsel, accountants, Defendants' spouses, counsel, accountants, pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and Defendants' counsel.

4. **Indemnification.** Plaintiff acknowledge and agree that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks.** The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

05/11/2016 11:36AM 7744987777   JACKIE DULIN   PAGE 02/04

8. **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by Defendants, and delivery, deposit, and clearance of the settlement funds in Plaintiff's counsel's trust account, Plaintiff's counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a propnsed order.

9. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

10. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

11. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs including post-judgment attorneys' fees and costs for collections.

12. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

13. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

14. **Return of Prior Checks:** The parties acknowledge that, during the Course of litigation, Defendants delivered two checks to Plaintiff's counsel, which Plaintiff's counsel agrees to make available for pickup by Defendants' counsel, Gary Kolin, Esq., at Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. Defendants' counsel agrees to sign **Exhibit A** while at Plaintiff's counsel's office as a condition of receiving the checks. The checks will be available for pickup for a period of 30 days immediately following Plaintiff's counsel's receipt of the settlement agreement signed by all defendants.

CHRISTIAN DESNOYERS                                AAA PROFESSIONAL SECURITY

05/11/2016  11:36AM  7744987777        JACKIE DULIN        PAGE 03/04

By: *Christian S. Desnoyers*
CHRISTIAN DESNOYERS
Date: 6/2/16

SERVICES, INC.

By: *AMA Professional Security Services*
Title: *President*
Date: 5/ /16

JACKIE L. DULIN
By: *Jackie L Dulin*
JACKIE L. DULIN
Date: 5/11/16

**Exhibit A**

This confirms receipt by Gary Kollin, Esq. of two checks in the net amounts of $540.04 and $368.41 with check numbers 5409482 and 5424693 respectively.

_____     _____
Gary Kollin, Esq.                                    Date

05/11/2016 11:36AM 7744987777   JACKIE DULIN   PAGE 04/04